UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JOHN MORGAN, | CASE NO.: C08-1587-MJP-MAT |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| SHELIA GEORGE, | |
| Respondent. | |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and exhibits filed by petitioner, the Court does hereby find and ORDER as follows:

(1) Petitioner, a former federal immigration officer, has finished serving a 38-month prison term for vehicular homicide imposed by Whatcom County Superior Court in 2003. This conviction was upheld by the state appellate courts. *See State v. Morgan*, 123 Wash. App. 810 (2004), *review denied, State v. Morgan*, 154 Wash. 2d 1018 (2005).

(2) Petitioner is currently serving the "community custody" portion of his sentence in Everson, Washington. He alleges in the habeas petition that his 2003 conviction was the result of perjury by the State's lead witness and investigator. (Dkt. No. 1 at 8). Petitioner raised the same claim in federal court in 2006 when he filed a document entitled "Notice of Removal." *See*

ORDER TO SHOW CAUSE
PAGE -1

*Morgan v. Washington*, Case No. C06-787-TSZ. This Court dismissed that Notice of Removal after concluding that the statute upon which petitioner relied, 28 U.S.C. § 1442, had a time limit which had expired. (Dkt. No. 3 in Case No. C06-787-TSZ).

(3) The Court is permitted to raise on its own the timeliness of a habeas petition. *See Day v. McDonough*, 547 U.S. 198 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the one-year limitation period begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, it does not appear that petitioner's claim relies upon a new rule of law or newly-discovered facts, nor was petitioner unable to bring the claim due to an impediment imposed by the State. Accordingly, the general rule expressed in paragraph (A) above applies and AEDPA's statute of limitations began to run on the date that petitioner's conviction became "final." *See* 28 U.S.C. § 2244(d)(1)(A).

(4) Under AEDPA, a conviction generally becomes final when the time for filing a

petition for *certiorari* to the Supreme Court expires. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The Washington Supreme Court denied petitioner's appeal on June 1, 2005. *State v. Morgan*, 154 Wash. 2d 1018 (2005). The time for petitioner to file a petition for *certiorari* expired ninety days after this date, or on August 31, 2005. Therefore, petitioner's conviction became "final," for purposes of AEDPA's statute of limitations, on August 31, 2005, and the federal statute of limitations expired one year later, on August 30, 2006. Petitioner filed the instant habeas petition on October 28, 2008. Based upon these calculations, it appears that petitioner's habeas petition was filed over two years after AEDPA's statute of limitations had expired. Absent statutory or equitable tolling, the petition is untimely.

(5) Under AEDPA, "a properly filed application for State post-conviction or other collateral review," such as a PRP, will toll the statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner states in his habeas petition that he filed a PRP on March 20, 2007. (Dkt. No. 1 at 5). However, by the time petitioner filed this PRP, the federal statute of limitations had already expired almost seven months prior, in August 2006. Therefore, the late filing of this PRP does not toll the already expired statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

"[E]quitable tolling of AEDPA's one-year statute of limitations is available in this Circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (citation omitted). Petitioner's habeas petition does not reveal that such extraordinary circumstances existed here. Petitioner appears to attack, in ground one of his habeas petition, the state appellate court's ruling that his PRP was time-barred. (Dkt. No. 1 at 6). Petitioner contends

that the state court erred in not finding that petitioner's previous filing in federal court, the "Notice of Removal," tolled the time limit for filing the PRP. (*Id.*) But petitioner des not cite any authority for this proposition and even if the PRP were somehow considered to be timely, it was filed *after* the federal statute of limitations had already expired.[1]

Therefore, because he has not shown that extraordinary circumstances beyond his control made it impossible to file a petition on time, petitioner is not entitled to equitable tolling, and his habeas petition must be considered untimely.

(6) For the foregoing reasons, petitioner is ordered to SHOW CAUSE, within 21 days from the date that this Order is signed, why his habeas petition should not be dismissed as untimely. If petitioner files an untimely or inadequate response to this Order, the Court will recommend that the petition be dismissed.

(7) The Clerk shall direct a copy of this Order to petitioner and to the Honorable Marsha J. Pechman.

DATED this 31st day of October, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

---

[1] Interestingly, the Court, in dismissing petitioner's Notice of Removal, advised petitioner that he "may still have an opportunity to exhaust the issue through a state petition for collateral relief, *although the one-year deadline for seeking such relief appears to be fast approaching. See* RCW § 10.73.090(3)(b)." (Case No. C06-787-TSZ, Order filed June 19, 2006) (emphasis added). However, petitioner apparently did not heed the Court's advice and waited nine months, until March 20, 2007, to file a PRP in state court.