UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JOHN MORGAN,

    Petitioner,

v.

SHELIA GEORGE,

    Respondent.

CASE NO.: C08-1587-MJP

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). The Court screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and noted that the petition appeared to be untimely.[1] Accordingly, the Court ordered petitioner to show cause why the petition should

---

[1] Rule 4 provides that once the Clerk of Court receives a habeas petition, "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

REPORT AND RECOMMENDATION
PAGE -1

not be dismissed. (Dkt. No. 3). Petitioner has filed a response to the Court's Order. (Dkt. No. 4). Having reviewed the response, the Court finds, for the reasons set forth below, that the petition is untimely and should be dismissed.

## BACKGROUND

Petitioner, a former federal immigration officer, has finished serving a 38-month prison term for vehicular homicide imposed by Whatcom County Superior Court in 2003. Petitioner's conviction was upheld by the state appellate courts. *See State v. Morgan*, 123 Wash. App. 810 (2004), *review denied, State v. Morgan*, 154 Wash. 2d 1018 (2005). Petitioner is currently serving the "community custody" portion of his sentence in Everson, Washington. He alleges in the habeas petition that his 2003 conviction was the result of perjury by the State's lead witness and investigator. (Dkt. No. 1 at 8). Petitioner raised the same claim in federal court in 2006 when he filed a document entitled "Notice of Removal." *See Morgan v. Washington*, Case No. C06-787-TSZ. However, this Court dismissed that Notice of Removal after concluding that the statute upon which petitioner relied, 28 U.S.C. § 1442, had a time limit for removal which had expired. (Dkt. No. 3 in Case No. C06-787-TSZ). The Ninth Circuit Court of Appeals affirmed this dismissal on December 8, 2006. (Dkt. No. 11 in Case No. C06-787-TSZ).

After petitioner's Notice of Removal was dismissed by this Court, petitioner returned to state court and sought collateral review of his conviction through a personal restraint petition ("PRP") which he filed on March 20, 2007. (Dkt. No. 1 at 5). The Washington Court of Appeals found that the PRP was time-barred under the state's one-year statute of limitations and dismissed the PRP. (Dkt. No. 1, attached exhibit). The Washington Supreme Court Commissioner denied petitioner's motion for discretionary review. (Dkt. No. 1, attached exhibit).

Petitioner filed the instant habeas petition on October 28, 2008. Noting that petitioner's petition appeared untimely under the one-year statue of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court directed petitioner to show cause why the petition should not be dismissed. (Dkt. No. 3). Petitioner has filed his response and the matter is now ready for review.

## DISCUSSION

The Court is permitted to raise on its own the timeliness of a habeas petition. *See Day v. McDonough*, 547 U.S. 198 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Petitions filed pursuant to 28 U.S.C. § 2254 are governed by AEDPA's one-year statute of limitations. Under AEDPA, the one-year limitation period begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute creates a general rule, contained in paragraph (A) above, followed by three exceptions. The Court previously found that the general rule applied here and that petitioner's conviction became "final" on August 31, 2005. (Dkt. No. 3 at 3). The one-year statute of

limitations thus expired one year later, on August 30, 2006. Petitioner did not file the instant habeas petition until more than two years after that date, making it presumptively untimely.

In his response to the Court's Order to Show Cause, petitioner does not challenge the Court's recitation of the facts nor the Court's conclusion that the petition is untimely. Instead, he contends that the state court was incorrect in ruling that his PRP was time-barred and he asks the Court to "reverse the state courts [sic] decision that I am time barred so that I can present my case." (Dkt. No. 4 at 5). Petitioner appears to argue that he intentionally missed the one-year deadline for filing a PRP because instead of returning to state court, he chose to seek relief in federal court in May 2006, when he filed his "Notice of Removal." (Dkt. No. 1 in Case No. C06-787-TSZ). Petitioner states that he based his decision to file in federal court on his fear that he would not receive a fair hearing in state court. (Dkt. No. 4 at 2). Petitioner argues that when he finally did file a PRP in state court, on March 20, 2007, the state court should have considered the PRP timely because it should have held that the filing of the Notice of Removal in federal court had tolled the one-year statute of limitations for filing the PRP. (Dkt. No. 4 at 3-4).

Petitioner's argument is unavailing. His request that this Court "reverse the state courts [sic] decision" implies that he considers a federal habeas court to function as another level of appellate review to revisit decisions of the Washington appellate courts. However, this view misapprehends the role of federal courts when they exercise their habeas jurisdiction. Under the statute governing habeas actions, this jurisdiction is very limited; to obtain relief, petitioner must show that the relevant state court decision is either contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). Petitioner has not cited any federal case, let alone one decided by the Supreme Court,

that has held that a state court must find that proceedings in federal court toll state statutes of limitations. Interpreting a state statute, such as the statute of limitations for a PRP, is the quintessential role of the state courts, and federal courts are bound by state courts' interpretation of state law. *See Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). For this Court to override a Washington state court's ruling on the timeliness of petitioner's PRP would be inconsistent with the limited role of federal courts under their habeas jurisdiction.

Consequently, the Court finds that petitioner has not adequately responded to the Court's Order to Show Cause and his habeas petition should be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be dismissed as untimely. A proposed Order reflecting this recommendation is attached.

DATED this <u>6th</u> day of January, 2009.

                                        Mary Alice Theiler
                                        United States Magistrate Judge